**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-2559

NICHOLAS DELAROSA,

Petitioner, Appellant,

v.

LYNN BISSONETTE; THOMAS F. REILLY, ATTORNEY GENERAL,

Respondents, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya and Lynch, Circuit Judges.

Leslie W. O'Brien on brief for petitioner.
Thomas F. Reilly, Attorney General, and Annette C. Benedetto, Assistant Attorney General, Criminal Bureau, on brief for respondents.

July 14, 2004

Per Curiam.  In 1997, Nicholas Delarosa was convicted in Massachusetts state court of, inter alia, trafficking in over 200 grams of cocaine.  His possession of some drugs was clearly established, but of importance was whether he had also controlled drugs found inside an apartment after his arrest.  At trial, Officer Joselito Lozada of the Springfield Police Department testified about the events that had led up to the stakeout resulting in Delarosa's arrest.  Lozada explained that he had received a call from an informant:  "I received information that there was going to be a delivery made at approximately 9 p.m. . . . And we knew what apartment [Delarosa] was in.  He had just recently moved from one apartment to another."

Delarosa objected to the testimony on the ground that it was hearsay.  The trial court admitted the testimony--not for the truth of the matter asserted, but to explain the subsequent actions of the police officers in their conduct of the stakeout.  The court gave an accompanying limiting instruction to the jury, explaining that the testimony was "being offered to explain why people took certain actions.  It's not to substitute for your judgment as to what actually happened."  This instruction was not a model of clarity, but the defendant made no request for a more lucid one.

In this federal habeas action, Delarosa claims that the introduction of this testimony violated the Confrontation Clause, U.S. Const. amend. VI, and that the trial court's limiting

instruction was insufficient to remedy this error. The district court denied relief and this appeal, based on a certificate of appealability, followed. It is unnecessary to concern ourselves with the proper degree of deference to be given to the state court rulings and to the magistrate and district court judges in this case, because by any test the writ was properly denied.

"The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Crawford v. Washington, 124 S. Ct. 1354, 1369 n.9 (2004). Here, the statement was offered to show why the officer acted as he did and not for the truth of the statement. Even if the trial court's instruction was insufficient to make this limitation clear to the jury and even if the objection to its wording was not forfeited for lack of objection, the state's powerful evidence linking the petitioner to the apartment made any possible error harmless beyond a reasonable doubt.

Specifically, the state provided ample evidence that Delarosa had control over the drugs in question: he had keys to the apartment; he had paid the rent of the apartment for a number of months; he had been seen going in and out of the building a number of times over the course of the day, as well as in previous months; and the cocaine found in his car was of similar quality--and packaged in the same way--as that found in the apartment. The few

contested sentences of Officer Lozada's testimony added little, if anything, to this other information.

  <u>Affirmed</u>.